**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samiyra SHABAZZ, Defendant–
Appellant.**

No. 03–5170.

United States Court of Appeals,
Sixth Circuit.

April 28, 2004.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, James R. Lesousky, Jr., Asst. U.S. Attorney, Michael A. Bennett, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Mark Wettle, Louisville, KY, for Defendant–Appellant.

Samiyra Shabazz, Louisville, KY, pro se.

Before SUHRHEINRICH, GIBBONS, and SUTTON, Circuit Judges.

*ORDER*

Samiyra Shabazz appeals her conviction and sentence. The parties have waived oral argument and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Shabazz was tried to a jury on charges of aiding and abetting the making of false statements to the United States Department of Veteran Affairs (VA) in violation of 18 U.S.C. §§ 1001 and 2. In charging the jury, the district court gave a deliberate ignorance instruction, which was derived from Sixth Circuit Pattern Jury In-

struction 2.09. The jury found Shabazz guilty of three counts of the foregoing offense. The district court sentenced Shabazz to five years of probation and ordered her to pay $70,466.00 in restitution.

On appeal, Shabazz contends that the district court erred when it instructed the jury on the concept of "deliberate ignorance."

We review a district court's choice of jury instructions for abuse of discretion, and we will reverse only when the jury charge fails to accurately reflect the law. *United States v. Beaty,* 245 F.3d 617, 621 (6th Cir.2001). A trial court has broad discretion in drafting jury instructions and does not abuse its discretion unless the jury charge "fails accurately to reflect the law." *United States v. Layne,* 192 F.3d 556, 574 (6th Cir.1999). Moreover, no single provision of the jury charge may be viewed in isolation. Rather, the charge must be considered as a whole. *United States v. Lee,* 991 F.2d 343, 350 (6th Cir. 1993). Thus, we will reverse a judgment based upon an improper jury instruction only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial. *United States v. Harrod,* 168 F.3d 887, 892 (6th Cir.1999).

Upon review, we conclude that Shabazz's claim that the district court erred by giving a deliberate ignorance instruction in the absence of sufficient evidence is controlled by *United States v. Mari,* 47 F.3d 782, 785–86 (6th Cir.1995). *Beaty,* 245 F.3d at 621. In *Mari,* this court held that when a district court gives a deliberate ignorance instruction that does not misstate the law but is unsupported by sufficient evidence, it is, at most, harmless error. *Mari,* 47 F.3d at 785–86. In subsequent cases the court has reaffirmed its thinking in *Mari. See, e.g., Beaty,* 245 F.3d at 621; *United States v. Monus,* 128 F.3d 376, 390–91 (6th Cir.1997).

■ The court below strictly adhered to the wording of the Sixth Circuit Pattern Jury Instruction which accurately states the law of this circuit. *See Lee,* 991 F.2d at 350; *United States v. Gullett,* 713 F.2d 1203, 1212 (6th Cir.1983). Thus, even if one assumes that the deliberate ignorance instruction was unsupported by sufficient evidence, it is, at most, harmless error.

■ Moreover, we conclude that the deliberate ignorance instruction was supported by sufficient evidence. At trial, an FBI Special Agent testified that Shabazz admitted to him that she assisted her mother in completing the annual accounting reports required by the VA showing that VA disability benefits were being expended for her brother's room and board, when in fact her brother was incarcerated in state prison during the time in question. Shabazz admitted to the Special Agent that she knew that the figures placed in the reports were false and inaccurate during the years in question because she knew her brother was in prison. Shabazz stated that her mother used the VA benefits to assist other family members including herself. At trial, Shabazz denied knowing that the entries contained in the VA reports were false and misleading. She maintained that she wrote figures on the reports her mother provided her, simply acting "as her mother's hands" when she prepared the reports. Her denial suffices to justify the deliberate ignorance instruction.

To the extent that Shabazz contends that the holding in *Mari* does not apply to her because the government not only failed to introduce sufficient evidence to support the giving of the deliberate ignorance instruction, but also failed to introduce sufficient evidence that she acted with actual knowledge, her contention is not well-taken. The FBI Special Agent's

testimony and the accompanying falsified reports provide evidence from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Accordingly, the district court's judgment is hereby affirmed.